**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

July 11, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 04-1031, 04-1032 & 04-1033

| | |
|---|---|
| United States of America,<br>                    *Plaintiff-Appellee,*<br><br>        v.<br><br>Richard D. Simmers and<br>Ryan K. Jones,<br>                    *Defendants-Appellants.* | Appeals from the United States<br>District Court for the Western District<br>of Wisconsin<br><br>Nos. 03-CR-98-S-02, 03-CR-98-S-03<br>& 03-CR-133-S-01<br><br>John C. Shabaz,<br>*Judge.* |

**O R D E R**

After concluding that the defendants' convictions should be affirmed, we ordered a limited remand so that the district court could determine whether their sentences remain appropriate now that *United States v. Booker*, 125 S. Ct. 738 (2005), has relegated the United States Sentencing Guidelines to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

The district court judge has replied that for both defendants, he would impose the same sentence today knowing that the Guidelines are not mandatory. On June 3, 2005, we invited the parties to file, within seven days, any arguments concerning the appropriate disposition of the appeal in light of the district court's decision. That time has now passed. Mr. Simmers has not filed a brief. Mr. Jones has filed a brief, in which he primarily argues that he is unrepresented by counsel and should not be compelled to proceed without counsel. The United States, in its brief, argues that  the

district court, for both defendants, properly considered 18 U.S.C. § 3553, explained its reasons for its sentence in various orders, and rendered a reasonable sentence.

In Mr. Simmers's case, the Guidelines sentencing range applicable here is 110 to 137 months, and Mr. Simmers's 120 month sentence is toward the middle of these Guidelines. The district court judge explained his belief that this sentence was required to address the seriousness of the offenses, to provide adequate deterrence to criminal conduct, to protect the public, and to provide Mr. Simmers with educational training, medical care, and other correctional treatment. Thus, we see no reason why such a sentence should be deemed "unreasonable."

Mr. Jones argues that he is unrepresented by counsel, because of the withdrawal of his prior attorney. While it is true that Mr. Jones's counsel did in fact withdraw from the case, on May 26, 2004 we issued an order ordering Mr. Jones to file a statement advising us whether he wanted to proceed on appeal with court-appointed counsel. Mr. Jones failed to respond to this order by our June 7, 2004 deadline, and on June 28, 2004, we issued a show-cause order to Mr. Jones for his failure to respond to our earlier order. On July 12, 2004, Mr. Jones filed a response, in which he notified us that he would "proceed *'pro se'* with this appeal." Mr. Jones also noted that "[he] does not request this court to appoint him counsel of any kind." After notifying us that he would proceed *pro se*, Mr. Jones then filed several briefs and motions *pro se*, including his Appellant's Brief, several motions for extensions of time to respond to the United States, his Reply Brief, a motion to supplement his appeal, and a motion to strike the supplemental appeal of the United States. For the majority of this appeal, Mr. Jones has served as his own counsel. Therefore, Mr. Jones's argument that he is now unconstitutionally without counsel fails.

The Guidelines sentencing range applicable in Mr. Jones's case is 292 to 365 months. The district court sentenced Mr. Jones to two consecutive sentences of 164 months, which totals 328 months. This sentence is in the middle of the applicable Guidelines range. The district court judge explained his belief that this sentence was required to address the seriousness of the offenses, to provide adequate deterrence to criminal conduct, and to protect the public. Thus, we see no reason why such a sentence should be deemed "unreasonable."

Accordingly, the judgment of the district court for both Defendants Simmers and Jones is AFFIRMED.